**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FAYE DABNEY,

      Plaintiff-Appellant,

v.

ROBERT E. RUBIN, in his capacity as
Secretary of the Treasury;
COMMISSIONER OF THE
INTERNAL REVENUE SERVICE,

      Defendants-Appellees.

No. 98-1114
(D.C. No. 96-M-2425)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's decision granting defendants summary judgment. This court reviews such a decision de novo. <u>See</u> <u>Wilson v. Merrell Dow Pharmaceuticals, Inc.</u>, 160 F.3d 625, 629 (10th Cir. 1998).

26 U.S.C. § 6203 provides that a tax assessment "shall be made by recording the [taxpayer's] liability" in the Secretary's office "in accordance with rules or regulations prescribed by the Secretary." Under 26 C.F.R. § 301.6203-1, an assessment is made when an assessment officer signs "the summary record of assessment."

Section 6203 also requires that, upon a taxpayer's request, "the Secretary shall furnish the taxpayer a copy of the record of the assessment." Plaintiff requested copies of the record of assessments made against her. The Secretary, pursuant to § 301.6203-1, provided plaintiff with a "copy of the pertinent parts of the assessment," including the taxpayer's name, the date of the assessment, the character of the tax liability assessed, the taxable period involved, and the amounts assessed.

Plaintiff argues that § 301.6203-1 fails to implement the Secretary's statutory duties under § 6203. We affirm the district court's decision for substantially the reasons stated in that court's order dated January 27, 1998.

The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge